UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN K. LUMBARD,

    Plaintiff,

v.                                           Case No. 1:15-CV-1013

ST. JOSEPH COUNTY SHERIFF               HON. GORDON J. QUIST
DEPARTMENT, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION

Plaintiff, Nathan K. Lumbard, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendants St. Joseph County Sheriff's Department, Sheriff Balk, Undersheriff Lillywhite, Capt. Schuler, and Patty Kane, N.P., (collectively "St. Joseph Defendants") moved for judgment on the pleadings or alternatively for summary judgment. (ECF No. 122.) Defendants Mark Boomershine, P.A., and Corizon Health, Inc., (collectively "Corizon Defendants") moved for summary judgment. (ECF No. 123.) Finally, Defendant Glendora Greene, M.D., moved for summary judgment. (ECF No. 127.) Plaintiff moved for leave to file an amended complaint (ECF No. 139). Magistrate Judge Ray Kent submitted a Report and Recommendation (R & R) recommending that the Court grant each Defendant's dispositive motion, deny Plaintiff's motion for leave to file an amended complaint, and terminate this action. (ECF No. 150.)

Plaintiff has filed Objections to the R & R. (ECF No. 158.) Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

## I. Motion for Leave to File an Amended Complaint

The Court concurs with the magistrate judge that Plaintiff's motion for leave to amend his complaint was deficient, untimely, and prejudicial. Fed. R. Civ. P 15(a) states that "[t]he court should freely give leave when justice so requires." Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

The magistrate judge found Plaintiff's motion deficient because it did not contain the substance of the proposed amendment, which is grounds for denial of the motion. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002) (stating that "to determine whether 'justice so requires,' . . . the court must have before it the substance of the proposed amendment"). Plaintiff claims in his objections to the R & R that he mailed the motion, the proposed amendment, and the caselaw supporting the motion in three separate envelopes due to the size of the filing. (ECF No. 158 at PageID.3468.) However, even if Plaintiff did attempt to include the substance of the amendment, his motion was untimely and prejudicial.

Plaintiffs motion to amend was not filed until October 16, 2017. The operative case management order (ECF No. 103) required all pre-trial motions to be filed no later than July 17,

2

2017. The Court agrees with the magistrate judge that Defendants would be prejudiced if Plaintiff were allowed to amend his complaint after discovery had closed and Defendants had submitted a second round of dispositive motions. *See Crestwood Farm Bloodstock v. Everest Stables, Inc.*, 751 F.3d 434, 445 (6th Cir. 2014) (concluding that allowing amendment after the close of discovery would cause undue delay and undue prejudice to the opposing party). Thus, the Court will deny Plaintiff's motion for leave to amend.

## II. Defendants' Dispositive Motions

### (A) St. Joseph Defendants' Motion for Judgment on the Pleadings or for Summary Judgment

#### (1) St. Joseph Sheriff's Department

The Court agrees with the magistrate judge that the St. Joseph Sheriff's Department should be dismissed under Fed. R. Civ. P. 12(c) because the Sheriff's Department is not subject to suit under Section 1983. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (dismissing the Sheriff's Department as a party because it could not be sued).

#### (2) St. Joseph County

Even if Plaintiff were allowed to substitute St. Joseph County for the St. Joseph Sheriff's Department, Plaintiff's claim would have to meet the *Monell* standard. The County cannot be held liable for vicarious liability based on the actions of its employees. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 198 S. Ct. 2018, 2036 (1978). Plaintiff argues that the County can be held liable for failing to train its employees. But under a failure-to-train theory, the County is liable only if the Plaintiff can prove "that a training program is inadequate to the tasks that the officers must perform; that the inadequacy is the result of the [County]'s deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989) (quoting *City of Canton, Ohio v.*

*Harris,* 489 U.S. 378, 391, 109 S.Ct. 1197, 1206 (1989)). Plaintiff has not alleged facts to support a failure-to-train claim, and, therefore, cannot maintain a claim against St. Joseph County.

**(3) Sheriff Balk**

Plaintiff does not allege that Sheriff Balk was personally involved in any constitutional violation. At most he alleges that Sheriff Balk acted in a supervisory capacity to those involved in the alleged constitutional violations. "The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quotation omitted). Therefore, the Court agrees with the magistrate judge that Sheriff Balk is entitled to judgment on the pleadings.

**(4) NP Kane**

Plaintiff alleges that he told NP Kane of his vision problems during his intake interview; that he was told by NP Kane that he would see a doctor within two weeks after the intake interview; that he made daily requests to see a doctor when he did not see one after the two weeks had passed; that by October he was experiencing severe symptoms; and that NP Kane did not document these interactions because she was indifferent to him. The magistrate judge recommends summary judgment for NP Kane on Plaintiff's deliberate indifference claim because Plaintiff presents no evidence "other than referring to his 'declaration submitted.'" (ECF No. 150 at PageID.3382.) However, a declaration, even if self-interested, creates a factual dispute sufficient to withstand summary judgment. *Troche v. Crabtree*, 814 F.3d 795, 800 (6th Cir. 2016). Therefore, NP Kane is not entitled to summary judgment on Plaintiff's deliberate indifference claim.

**(5) Capt. Schuler, Undersheriff Lillywhite, and NP Kane**

Although the Court agrees with the magistrate judge that Capt. Schuler and Undersheriff Lillywhite were not personally involved in the alleged deliberate indifference, the Court believes

4

that the magistrate judge overlooked a retaliation claim in which Capt. Schuler, Undersheriff Lillywhite, and NP Kane were all personally involved. Plaintiff alleged in his complaint that he was placed in the "drunk tank" because his mother had called the jail to request that Plaintiff see a doctor. (ECF No. 1 at PageID.6.) In response to the St. Joseph Defendants' dispositive motion, Plaintiff submitted a declaration in which he stated that NP Kane "moved [Plaintiff] as punishment for my mother's calls to the Jail, not for observation as the defendants now claim." (ECF No. 82 at PageID.1348.) According to Plaintiff, when he filed a grievance based on the conditions in the drunk tank, Capt. Schuler responded that Plaintiff was placed there by Capt. Schuler and Undersheriff Lillywhite. (ECF No. 1 at PageID.7.) Although the magistrate judge did not recognize Plaintiff's retaliation claim as such, and Plaintiff did not specifically invoke the term "retaliation," "a pro se plaintiff is entitled to have his complaint liberally construed." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quotation omitted). Therefore, Capt. Schuler, Undersheriff Lillywhite, and NP Kane are not entitled to judgment on the pleadings on a theory of retaliation.

**(B) Corizon Defendants' Motion for Summary Judgment**

    **(1) PA Boomershine**

Plaintiff objects to certain factual assertions in the R & R in regard to what PA Boomershine knew about Plaintiff's prior medical records, PA Boomershine's assessment of whether Plaintiff was relapsing, and whether PA Boomershine made the decision not to provide Tysabri. (ECF No. 158 at PageID.3485-87.) However, these facts do not change this Court's view of the conclusion reached by the magistrate judge. PA Boomershine acknowledges that Plaintiff had serious medical needs, and he addressed those medical needs by ordering two medications and ordering several special accommodations. However, PA Boomershine did not start a new course

5

of treatment because his care for Plaintiff was temporary. At the very most, PA Boomershine's treatment of Plaintiff's medical condition could be considered negligent. Deliberate indifference to serious medical needs of a prisoner violates the Eighth Amendment, but mere medical negligence does not. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 1977–78 (1994). Therefore, the Court will grant Corizon Defendants' motion for summary judgment with respect to PA Boomershine.

### (2) Corizon Health, Inc.

Plaintiff challenges the magistrate judge's application of the *Monell* standard to Plaintiff's claims against Corizon. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996) (applying the *Monell* standard, which bars vicarious liability for Section 1983 claims, to private corportations). Plaintiff asserts that Corizon was not acting under the color of state law, so Plaintiff can hold Corizon liable for its employees' actions. (ECF No. 158 at PageID.3488-89.) However, if this Court agreed with Plaintiff that Corizon was not acting under the color of state law, then Plaintiff could not maintain an action against Corizon under Section 1983. 42 U.S.C. § 1983. Thus, assuming that Corizon was acting under the color of state law for the purposes of Plaintiff's Section 1983 claim, Plaintiff would have to allege a policy, practice, or procedure that violated his constitutional rights, and he has not done so. (*See* ECF No. 1 at PageID.14.) Therefore, the Court will grant Corizon Defendants' motion for summary judgment with respect to Corizon.

### (C) Dr. Greene's Motion for Summary Judgment

Plaintiff disagrees with the magistrate judge's assessment that Dr. Greene worked at the St. Joseph County Jail as an independent contractor rather than an employee.[1] Regardless of her role at the jail, this Court agrees with the magistrate judge that Dr. Greene did not act with the

---

[1] The St. Joseph County Defendants referred to Dr. Greene as the "jail physician for the St. Joseph County Jail," which could call into question Dr. Greene's role at the jail. (ECF No. 124 at Page ID.1902.)

deliberate indifference necessary to maintain a Section 1983 action against her. Dr. Greene first learned of Plaintiff's vision problems on November 4, 2013, and she arranged an appointment with an ophthalmologist the following day. After learning of NP Kane's assessment of Plaintiff on December 16, 2013, Dr. Greene came to the jail to visually examine Plaintiff. On December 27, 2013, she scheduled a neurology consult for January 16, 2014. Based on the recommendations from the consult, Dr. Greene scheduled an MRI without contrast for January 31, 2014. On February 6, 2014, she scheduled an MRI with contrast for February 12, 2014. The only reason that Plaintiff did not have the second MRI was because he was returned to federal custody on February 11, 2014. Dr. Greene's actions did not show deliberate indifference to Plaintiff's serious medical needs. Therefore, the Court will grant Dr. Greene's motion for summary judgment.

### III. Conclusion

For the reasons stated above, with respect to the St. Joseph Sheriff's Department and Sheriff Balk, the Court will accept the R & R and grant judgment on the pleadings. With respect to the Corizon Defendants and Dr. Greene, the Court will accept the R & R and grant summary judgment. With respect to NP Kane, Capt. Schuler, and Undersheriff Lillywhite, the Court will reject the R & R and deny judgment on the pleadings or summary judgment.

Dated: October 11, 2018              /s/ Gordon J. Quist
                                   GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE

7